IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 8 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01575-BNB

CHARLES LEE KETTERING #104451,
C.S.P., P.O. Box 777, Cañon City, CO 81215-0777

      Plaintiff,

v.

COLORADO TERRITORIAL CORRECTIONAL FACILITY, et al.,
CO MCDOWELL,
CO SIMPSON,
CO HOLDICH,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
JOHN DOE, Mexican at Strip Search,
CO GILLMAN,
JANE DOE, Woman Filing Strip Search,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
CO SANDIVALL, and
MANY UNKNOWN STAFF,

      Defendants.

---

## ORDER FOR FINAL AMENDED COMPLAINT

---

Plaintiff, Charles Lee Kettering, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Colorado

Territorial Correctional Facility in Cañon City, Colorado.  Mr. Kettering filed **pro se** a civil

rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3)

(1993) for money damages.  He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

On September 7, 2007, I ordered Mr. Kettering to submit within thirty days an amended complaint that sued the proper parties, that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that asserted the personal participation by each defendant in the alleged constitutional violation.  I also ordered Mr. Kettering to submit sufficient copies of the amended complaint to serve each named defendant.  I warned Mr. Kettering that failure to comply with the September 7 order would result in the dismissal of the complaint and the instant action.

On September 24, 2007, Mr. Kettering submitted an amended complaint pursuant to 42 U.S.C. § 1983 for money damages.  The Court must construe the amended application liberally because Mr. Kettering is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Kettering will be ordered to submit a final amended complaint.

I have reviewed the amended complaint and find that, although Mr. Kettering appears to have attempted to comply in part with the order of September 7, 2007, the amended complaint he submitted remains deficient.  Therefore, Mr. Kettering will be ordered to submit a final amended complaint asserting all the claims he intends to raise in this action on the proper form for filing a civil rights complaint.  The Court will not provide Mr. Kettering with any more opportunities to cure the deficiencies in this action.  He is reminded that the final amended complaint must comply with Rule 8 of the

Federal Rules of Civil Procedure as discussed in the September 7 order. Although I appreciate Mr. Kettering's effort to state his claims concisely, he still must allege sufficient facts to support his claims. As he was informed in the September 7 order, in order for Mr. Kettering "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Kettering must name each defendant he intends to sue in the caption to the final amended complaint, he must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Kettering must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

If Mr. Kettering uses fictitious names, such as Jane or John Doe, when he does not know the real names of the individuals who allegedly violated his rights, he must

provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

. In the order of September 7, 2007, I informed Mr. Kettering that he may not sue the DOC or its correctional facilities for money damages, yet he persists in doing so. The State of Colorado and its entities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994). Therefore, Mr. Kettering may not sue the Colorado Territorial Correctional Facility for money damages.

Finally, Mr. Kettering must provide sufficient copies of the final amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Mr. Kettering should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Kettering file **within thirty (30) days from the date of this order** a final amended complaint that complies with this order. It is

FURTHER ORDERED that the final amended complaint shall be titled "Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

4

FURTHER ORDERED that the clerk of the Court mail to Mr. Kettering two copies of the Court-approved, Prisoner Complaint form for use in submitting the final amended complaint.  It is

FURTHER ORDERED that the Court will not review the merits of Mr. Kettering's claims until he has complied with this order.  It is

FURTHER ORDERED that if Mr. Kettering fails to comply with this order **within thirty (30) days from the date of this order**, the amended complaint and the action will be dismissed without further notice.  It is

DATED September 27, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  07-cv-01575-BNB

Charles Lee Kettering
Prisoner No. 104451
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____9/28/07____

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk