IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
JOHN DOE, Mexican at strip search,
CO GILLMAN,
JANE DOE, Woman filming strip search,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
CO SANDIVALL,
CAPTAIN ACHEN,
LT. DUSENHACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.
CTCF MAILROOM STAFF,
CSP MAILROOM STAFF,
CAPTAIN VENDETTI, and

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on *pro se* Plaintiff's Motion for Preliminary Injunction

to Compell [sic] CSP Staff in Kitchen to Stop Sending Me "Rotten" "Rancid" Fruit &

Vegatables [sic] and Shorting Food on Menus [Docket No. 17; Filed October 25, 2007] (the "Motion").  Plaintiff is proceeding *pro se*.  As such, the Court should construe his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not the nonmoving party's advocate and must nevertheless deny a motion that is based on vague or conclusory allegations.  *Hall*, 935 F.3d at 1110.

The Court has reviewed the Motion, Defendants' Response [Docket No. 47; Filed January 7, 2008], the case file, and applicable case law and is sufficiently advised in the premises.  For the reasons provided below, I respectfully recommend that the Motion [Docket No. 17] be **DENIED**.

In his Motion, Plaintiff contends that he has lost over thirty (30) pounds since his incarceration and that his health is in serious jeopardy due to the kitchen staff at the Colorado State Penitentiary (CSP) (1) failing to give him enough to eat and (2) providing him inedible fruits and vegetables.  Motion at 1 [Docket No. 17].  Plaintiff requests that the Court order the "staff of the kitchen Lt. Dusenack & Sgt. Ortega, and also Warden Susan Jones to give Plaintiff freash [sic] eatable fruit, vegatables [sic], and acuall [sic] food that is suppose [sic] to be in Plaintiff's meals."  Motion at 3 [Docket No. 17]

As an initial matter, Warden Susan Jones is not a party to this action.  To the extent that Plaintiff's Motion seeks relief from named parties, I find that Plaintiff is unable to meet his burden to show that a preliminary injunction is necessary.  A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253,

1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless injunctive relief is provided; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) if issued, the injunction, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259 (citation omitted).

Plaintiff seeks a preliminary injunction requiring Defendants to give him more and better quality food. The relief sought would alter the status quo rather than preserve it and would also force Defendants to act. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

3

First, Plaintiff must show that he will suffer irreparable injury if his request for preliminary injunction is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Here, Plaintiff asserts that he has lost more than thirty (30) pounds and is now suffering health problems due to the "inadequate insufficient nutritional unhealthy situation." Motion at 1 [Docket No. 17]. Plaintiff also claims to suffer from migraine headaches, cramps, pain, constipation, depression, and anger. *Id.* at 2. On the other hand, Defendants inform the Court that between Plaintiff's incarceration in June 2006 and the filing of his Motion, Plaintiff has gained approximately thirteen (13) pounds according to Plaintiff's medical records. Response at 4 [Docket No. 47]. Likewise, Defendants' review of Plaintiff's medical records did not reveal any ailments caused by a deficient diet. *Id.* at 4-5. Under these circumstances, Plaintiff's vague, unsubstantiated, and relatively minor health claims fail to demonstrate more than "merely serious or substantial" harm.

Next, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the

4

potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest. Plaintiff has failed to meet his burden regarding these two requisite elements.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claim. *Id.* Plaintiff brings an Eighth Amendment claim of cruel and unusual punishment. As discussed, *supra*, Plaintiff states that he is being denied adequate, edible food. Motion at 1 [Docket No. 1]. Without more, Plaintiff fails to make a strong showing that he would succeed on the merits of an Eighth Amendment claim. *See, e.g.*, *Bellmon*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (holding that unverified, conclusory allegations will not support a motion for temporary restraining order).

Accordingly, as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motion [Docket No. 17] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 7, 2008

                                      BY THE COURT:

                                      s/ Kristen L. Mix
                                      United States Magistrate Judge
                                      Kristen L. Mix