IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

    Defendant(s).

---

## MINUTE ORDER
---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's Motion to Stop Defendants [sic] Attorney Mr. Dance from Stiputating [sic] Unrealistic Deadlines on Plaintiff When Fremont County Staff Refuse to Cooperate with Plaintiff [sic] Legal Needs & Rights [Docket No. 94; Filed April 23, 2008] ("Motion No. 94"); and a pleading titled "Plaintiff Sent the Document Request Needed for Discovery Needs Now Deal with It and Send What I Ask for Quit Stalling Mr. Dance" [Docket No. 97; Filed April 24, 2008] ("Motion No. 97").

IT IS HEREBY **ORDERED** that Motion No. 94 is **DENIED**. As a preliminary matter, Plaintiff has failed to comply with D.C. Colo. L. Civ. R. 7.1(C), which requires that a motion "shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion." In addition, to the extent that Plaintiff requests relief against prison officials and defense counsel who are not parties to his lawsuit, the motion is **denied**.

IT IS FURTHER **ORDERED** that Motion No. 97 is **DENIED** for Plaintiff's failure to comply with D.C. Colo. L. Civ. R. 7.1(C) and 37.1. Plaintiff again fails to provide authority in support of his motion and fails to indicate what relief he is seeking. To the extent that Plaintiff is seeking an Order to compel the defendants to submit discovery, the motion does not comply with Local Rule 37.1, which requires that Plaintiff set forth the discovery requests at issue. Further, Plaintiff fails to inform the Court when the discovery requests were propounded and when Defendants' response was due.

Although Plaintiff is proceeding *pro se*, and therefore receives the benefit of relaxed pleading standards, Plaintiff remains obligated to follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Further, Plaintiff's recent filings in this and another pending case (06-cv-001989-REB-KLM) have evidenced a disturbing pattern of abusive language and tone directed at the Court, defense counsel, and Defendants. The benefit of liberal pleading rules is a not a license for Plaintiff to file unnecessarily abusive pleadings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). In the future, any such pleadings will be summarily stricken pursuant to Fed. R. Civ. P. 12(f)(1).

Dated: April 25, 2008