IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

    Defendant(s).

___

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**
___

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' Motion for Protective Order [Docket No. 91; Filed April 14, 2008] (the "Motion"). Defendants ask the Court to relieve them of the obligation to respond to Plaintiff's outstanding discovery requests because the requests are overly burdensome and do not comply with the Court's Order limiting the number of requests which Plaintiff may propound. Plaintiff did not file a response to the Motion, however, the Court notes that in a pleading titled "Plaintiff Sent the Document Request Needed for Discovery Needs Now Deal with It and Send What I Ask for Quit Stalling Mr. Dance" [Docket No. 97; Filed April 24, 2008], Plaintiff partially addressed the discovery requests he served on Defendants and informed the Court that, to date, he had only propounded 6 document requests.

Plaintiff is proceeding *pro se*, and therefore his pleadings must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the Court is not the *pro se* party's advocate. *See Hall*, 935 F.3d at 1110. Plaintiff's current discovery requests are confusing, combine both interrogatories and document requests in a single numbered item, and clearly exceed the limitations set by the Court at the scheduling conference held on February 6, 2008 (25 interrogatories, 25 requests for production of documents and 25 requests for admission). [Docket No. 70]. For example, item #2 in Plaintiff's "Motion for All Discovery from DOC Defendants" [Docket No. 91-2 at 1] appears to contain 15 requests for production of documents, 1 interrogatory and 1 indecipherable request for information. The 15 requests

for production are as follows: (1) medical records from B.C.C.F.; (2) grievances from B.C.C.F.; (3) "sanctions/charges" from B.C.C.F.; (4) work records from B.C.C.F.; (5) medical records from C.T.C.F.; (6) grievances from C.T.C.F.; (7) "sanctions/charges" from C.T.C.F.; (8) work records from C.T.C.F.; (9) legal mail sent by Plaintiff; (10) legal mail sent to Plaintiff and returned to sender; (11) reports regarding Plaintiff; (12) "records of all documentation of sanctioned time in the segregation of all 3 facilities" [indecipherable as only 2 facilities are named]; (13) reports of any and all strip searches; (14) "insodent [sic] reports, stun gun use, co or pepper spray used on Plaintiff"; and (15) "all reports pertaining to any and all insodents [sic] Plaintiff had with DOC Corrections Officers between June 25th 2006 to date." The interrogatory contained within item #2 requests "names of all corrections officers involved or witness to such strip searches." The indecipherable request for information contained within item #2 reads: "being chained up for punishment, gased [sic], restrains [sic] used, types of restrains [sic] used on Plaintiff." This request for information does not specify whether documents or a description is sought. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Pursuant to Fed. R. Civ. P. 26(c), Defendants are relieved from the obligation to respond to the discovery requests propounded by Plaintiff on March 10, 2008 and March 26, 2008 [Docket Nos. 91-2 & 91-3]. The Court finds that the requests are overly burdensome, confusing, and do not comply with the limitations set forth in the Order of February 6, 2008 [Docket No. 70]. Fed. R. Civ. P. 26(b)(2)(C).

IT IS FURTHER **ORDERED** that if Plaintiff reissues his discovery requests, Plaintiff may not propound more than 25 requests for documents and 25 interrogatories, including

3

<u>discrete subparts</u>.  If Plaintiff propounds discovery requests in excess of this limitation, Defendants are permitted to ignore the requests that exceed this limitation.  Plaintiff shall make separate requests for production of documents and interrogatories, numbering each separate request.  If a request contains both a document request and an interrogatory, Defendants are not required to respond to it.

Dated: May 12, 2008

                                      BY THE COURT:

                                      <u>s/ Kristen L. Mix</u>
                                      U.S. Magistrate Judge
                                      Kristen L. Mix