IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

    Defendant(s).

───────────────────────────────────────────────────────────────────────────────
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER REQUIRING PLAINTIFF TO ATTEND HIS DEPOSITION
───────────────────────────────────────────────────────────────────────────────

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Rule 37(d) Motion to Dismiss** [Docket No. 102; Filed June 11, 2008] (the "Motion to Dismiss"). Plaintiff failed to file a response to the Motion to Dismiss, and the time for him to do so pursuant to D.C. Colo. L. Civ. R. 7.1(C) has now expired. Regardless, because Plaintiff is proceeding *pro se*, the Court gives Plaintiff the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the Plaintiff's advocate and must nevertheless dismiss his case if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.[1]

This matter is also before the Court on Defendants' **Motion to Vacate Trial and All Pending Deadlines** [Docket No. 104; Filed June 18, 2008] ("Motion to Vacate"). Again, Plaintiff did not respond within the time allotted by Local Rule 7.1(C).

The Court has reviewed the Motion to Dismiss, the attached exhibits [Docket Nos.102-2 through -4], the Motion to Vacate, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion to Dismiss [#102] and the Motion to Vacate [#104] be **DENIED**.

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

## I. Background

In the Motion to Dismiss, Defendants contend that Plaintiff's case should be a dismissed as a discovery sanction due to Plaintiff's failure to attend his May 28, 2008 deposition. *Motion to Dismiss* [#102] at 6. Defendants primarily argue that because Plaintiff's justification for the failure to attend his deposition was wholly baseless, his conduct merits dismissal. *Id.* at 9-10. Defendants also argue that given the abusive tone of Plaintiff's communications with defense counsel, Defendants, and the Court, dismissal is appropriate. *Id.* at 9.

Plaintiff's case arises from his alleged mistreatment while incarcerated by the Colorado Department of Corrections [Docket No. 72; Filed February 12, 2008]. Plaintiff was released from prison in mid-May 2008 [Docket no. 101]. While Plaintiff was still incarcerated, Defendants noticed Plaintiff's deposition for May 23, 2008. *Exhibit 2* [#102-2] at 11-12 . A week before the deposition, Defendants received a letter from Plaintiff indicating that he would not attend his deposition. *Exhibit 3* [#102-2] at 13-15. Specifically, Plaintiff accused Defendants of misconduct and indicated that "[y]ou will take the deposition when I know you have replaced the stolen book, the $100.00 your client failed to give me and the coat, [sic] & new shoes." *Id.* at 13. This letter prompted Defendants to issue an amended notice and reschedule the deposition for May 28, 2008. *Exhibit 6* [#102-2] at 18-19. Plaintiff failed to attend or give advance notice that he would not do so. A day after the deposition, Defendants received a letter from Plaintiff – sent prior to the date of the deposition – indicating that Plaintiff would not attend his May 28, 2008 deposition. *Exhibit 8* [#102-2] at 22-23. Again, Plaintiff justified his decision not to attend on alleged wrongful conduct attributed to Defendants and demanded that he be allowed to dictate the details

and terms of his own deposition.  *Id.* at 22.

## II.  Findings

From a review of the relevant pleadings, the Court finds that Plaintiff failed to attend one deposition noticed by Defendants.  The Court also finds that Plaintiff's failure to attend his deposition is indefensible. Further, the Court finds that the tone of Plaintiff's communications with defense counsel is reprehensible.  However, the Court does not find that Plaintiff violated a specific discovery order requiring attendance at his deposition. While nothing before the Court excuses Plaintiff's conduct or his belligerent communications with defense counsel, the Court finds that dismissal is not warranted at this time.

## III.  Analysis

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'"  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted).  Pursuant to Fed. R. Civ. P. 37, when a party fails to comply with a discovery order, the Court may impose sanctions against the offending party, including dismissal or default judgment.  *See New Age Elecs., Inc. v. Spectrum Communs. Group, Inc.*, No. 06-cv-00723-MSK-MEH, 2007 WL 139327, at *2 (D. Colo. May 9, 2007) (unpublished decision).  Prior to dismissing a case as a discovery sanction, the Court must consider the factors set forth in *Ehrenhaus*, namely:  "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser

4

sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted). However, because the Court does not recommend dismissal, it is unnecessary to consider the *Ehrenhaus* factors. *See Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *2 (D. Colo. Mar. 6, 2008) (unpublished decision). Nevertheless, the Court conducts a truncated analysis of those factors below.

As to prejudice to Defendants, while the Court agrees that Defendants suffered short-term prejudice from Plaintiff's failure to attend his deposition, this prejudice can be easily remedied by an Order directing Plaintiff to attend his deposition. As to interference with the judicial process, despite Plaintiff's obvious disrespect for and disregard of the judicial process as embodied in the Federal Rules of Civil Procedure, because the Court had not *ordered* Plaintiff to attend his deposition previously, the Court finds that Plaintiff has not violated a specific Order. The same will not be true, however, if Plaintiff fails to attend a future deposition as ordered by the Court herein. As to Plaintiff's culpability, the Court finds that this is the lone factor that weighs in favor of dismissal. Plaintiff's failure to attend his deposition was willful and wholly unjustified. While the Court does not find that Plaintiff's conduct rises to the level of the discovery misconduct at issue in *Murray v. Archambo*, 198 F.3d 258 (10th Cir. 1999), as replied upon by Defendants, a second failure to attend will result in the Court recommending dismissal of Plaintiff's case. As to advance warning and the efficacy of lesser sanctions, the Court has not previously warned Plaintiff that the failure to attend his deposition could result in the dismissal of his case. **Plaintiff should now consider himself warned that failure to attend his deposition will result in a Recommendation that his case be dismissed**. In addition, the Court believes that

Plaintiff should be given another opportunity to attend his deposition prior to imposing sanctions. While the Court understands Defendants' frustration given Plaintiff's conduct throughout this case, the Court finds that dismissal is not justified at this time.[2]

## IV. Conclusion

For the reasons stated above, I respectfully **RECOMMEND** that the Motion to Dismiss [#102] be **DENIED**.

Because I do not find that dismissal is warranted, I FURTHER **RECOMMEND** that the Motion to Vacate [#104] be **DENIED** and that the case proceed pursuant to all outstanding deadlines and dates. The parties are reminded that per my previous Order, the Dispositive Motions Deadline has been extended to September 30, 2008 [Docket No. 108].

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the Discovery Deadline for the limited purpose of requiring Plaintiff to attend a deposition noticed by Defendants. Plaintiff **SHALL** appear for his deposition at a time and place set forth by Defendants to occur no later than **August 15, 2008**. Plaintiff may not unilaterally decline to attend, attempt to justify a decision not to attend on any alleged wrongful conduct of Defendants, or demand that conditions be met prior to his attendance. Plaintiff is a litigant in a federal lawsuit, and he must abide by the Federal and Local Civil Rules. *See Green*

---

[2] Although Defendants argue that the Court must impose monetary sanctions, the Court declines to do so. Because Plaintiff is *pro se* and proceeding *in forma pauperis*, the Court questions whether a monetary sanction would have any practical effect. Further, given Plaintiff's status and the fact that he has not been previously warned, the Court finds that a monetary sanction would have unjust consequences. *See* Fed. R. Civ. P. 37(d)(3) (recognizing that a Court can refuse to award monetary sanctions if "circumstances make an award of expenses unjust"). A second failure by Plaintiff in this regard may prompt the Court to revisit whether, in addition to dismissal, monetary sanctions may also be warranted.

*v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  **Plaintiff's failure to comply with this Order will result in the Court recommending that his case be dismissed pursuant to Fed. R. Civ. P. 37 and/or 41(b)**.[3]

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 15, 2008

                                          BY THE COURT:

                                          s/ Kristen L. Mix
                                          United States Magistrate Judge
                                          Kristen L. Mix

---

[3] The Court notes that since his release from prison, Plaintiff has failed to respond to two motions filed by Defendants [##102 & 104].  In addition to potential future discovery sanctions, Plaintiff is in danger of having his case dismissed due to a failure to prosecute pursuant to Rule 41(b).