IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

    Defendant(s).

_____
## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Give Attorneys Hogan & Hartson LLP** [Docket No. 124; Filed August 5, 2008] ("Motion No. 124"); **2nd Motion to Compell [sic] Defendant to Comply with Discovery Plaintiff Requested 90-150 Day [sic] Ago** [Docket No. 125; Filed August 5, 2008] ("Motion No. 125"); and **Motion Ordering L.C.D.C. to Give Plaintiff Access to Civil Legal Law Lybrary [sic] NOW!** [Docket No. 127; Filed August 7, 2008] ("Motion No. 127").

IT IS HEREBY **ORDERED** that Motion No. 124 is **GRANTED in part**. To the extent that Plaintiff requests to be placed on the Court's list of parties who need pro bono counsel, the Motion is granted. The Court clarifies, however, that the Court is without authority to appoint counsel of Plaintiff's choice for him, and the Court will only secure representation for Plaintiff if counsel <u>volunteers</u> to represent him. Barring the Clerk securing volunteer counsel, Plaintiff should continue to be diligent in his own efforts to seek counsel, and he remains personally responsible for complying with all Court Orders and deadlines.

IT IS HEREBY **ORDERED** that Motion No. 125 is **DENIED** due to Plaintiff's failure to comply with D.C. Colo. L. Civ. R. 37.1, and for the reasons given in my Order dated July 31, 2008 [Docket No. 122]. Although Plaintiff is proceeding *pro se*, he must abide by the rules of this Court, including Local Rule 37.1 which requires that Plaintiff "set forth verbatim the interrogatory, request, and response to which the motion is directed."

IT IS HEREBY ORDERED that Motion No. 127 is **DENIED**. The Motion seeks relief from an entity who is not a party to this lawsuit. The Court has no authority to compel

nonparties to act or offer services beyond those which they are required to provide by law or regulation. Plaintiff is a litigant in a federal lawsuit, and he must find a way to prosecute this action within the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (holding that *pro se* parties "nevertheless must follow the same rules of procedure that govern other litigants"). Plaintiff chose to bring this action knowing the limitations he would face given his *pro se* status and limited access to legal materials. Further, it is Plaintiff's responsibility to manage his case, and the Court cannot assist him by providing legal materials or forcing nonparties to do so, particularly given that the Court does not grant such requests for other parties who appear before it.

Finally, the Court notes that the present Motions contain abusive language and thinly-veiled threats directed at the Court. Plaintiff has already received at least one warning about the tone and language of his pleadings [Docket No. 99]. While *pro se* parties are usually subject to relaxed pleading standards, this Court "simply will not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents. Our *pro se* practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge" or other participants in a federal lawsuit. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quoting *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)). **Plaintiff is warned for a second time that the filing of abusive or threatening pleadings will not be tolerated and may result in the imposition of sanctions, including the dismissal of his case.**

Dated: August 8, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge