IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.  07-cv-01575-REB-KLM


CHARLES LEE KETTERING,

        Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

        Defendant(s).

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [Docket No. 86; Filed April 7, 2008] (the "Motion to Dismiss"). Plaintiff failed to file a response to the Motion to Dismiss despite being given ample time to do so [Docket No. 90]. Regardless, because Plaintiff is proceeding *pro se*, the Court gives Plaintiff the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless dismiss his case if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.[1]

The Court has reviewed the Motion to Dismiss, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion to Dismiss [#86] be **GRANTED in part and DENIED in part**.

## I. Background

Plaintiff's case arises from his alleged mistreatment while incarcerated by the Colorado Department of Corrections, specifically at the Colorado Territorial Correctional

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

Facility ("CTCF") and the Colorado State Penitentiary ("CSP"). Plaintiff filed a case against Defendants on July 26, 2007 [Docket No. 3] and has since filed several amended complaints, including a Final Amended Consolidated Complaint [Docket No. 72] ("complaint), which is the operative pleading here.

In Claim II, Plaintiff alleges that he was unconstitutionally fondled during a strip search. *Complaint* [#72] at 20. In Claims III and IV, Plaintiffs alleges that Defendants denied him access to the Courts in relation to two prior civil cases that have been dismissed in this district, Civil Action Nos. 07-cv-00261-ZLW and 07-cv-00836-ZLW, and one in California. *Id.* at 20-21. In Claim VI, Plaintiff alleges that he was denied due process in relation to his placement in administrative segregation. *Id.* at 22. In Claims VII, XII & XIII, Plaintiff alleges that the quality of food served to him by Defendants violates the Eighth Amendment. *Id.* at 23-24, 27-28. In Claim VIII, Plaintiff alleges that Defendants denied him adequate exercise. *Id.* at 24-25. In Claims IX & XI, Plaintiff alleges that Defendants retaliated against him for filing grievances. *Id.* at 25-26. Finally, in Claim X, Plaintiff alleges that Defendants unconstitutionally interfered with his incoming mail from the ACLU and his outgoing mail to an attorney. *Id.* at 25. Plaintiff sues twenty-nine CTCF and CSP employees in their individual and official capacities. He asks for compensatory damages in relation to all claims, and punitive damages in relation to Claim VII.

In the Motion to Dismiss, Defendants move to dismiss eleven of the thirteen claims asserted by Plaintiff in his complaint. *Motion to Dismiss* [#86] at 5-17.[2] Defendants argue that the majority of Plaintiff's claims should be dismissed because he does not assert a

---

[2] Claims I and V, which are not at issue in the Motion to Dismiss, assert constitutional violations based on Defendants' alleged use of excessive force. *Complaint* [#72] at 20-22.

physical injury in conjunction with his request for damages. *Id.* at 5-6 (Claims II, III, IV, VI, VIII, IX, X, XI, XII & XIII). Defendants also argue that the claims at issue in the Motion to Dismiss should be dismissed for Plaintiff's failure to state cognizable claims. *Id.* at 6-17 (Claims II, III, IV, VI, VII, VII, IX, X, XI, XII & XIII).

## II. Analysis

### A. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Finally, as noted above, the Court must construe the filings of a *pro se* litigant liberally. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110. However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules

that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### B.    Official Capacity Claims

Plaintiff filed suit against Defendants in both their individual and official capacities. *Complaint* [#72] at 2-17.  Defendants assert that they are immune from liability in their official capacities.  *Motion to Dismiss* [#86] at 4-5.  Plaintiff seeks monetary damages against the named Defendants, who are officers and agents of the State of Colorado. *Complaint* [#72] at 30.  A suit against state employees in their official capacities is considered to be a suit against the state itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment protects states and its agents from suit in their official capacities.  *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000).  Further, "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983."  *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).  Accordingly, Plaintiff's claims against Defendants in their official capacities, which are limited to claims for monetary damages, must be dismissed.

### C.    Claim II – Strip Search (Eighth Amendment)

As a preliminary matter, Defendants argue that Plaintiff's request for compensatory damages regarding the strip search is barred by the Prison Litigation Reform Act ("PLRA"). *Motion to Dismiss* [#86] at 5-6.  They rely on subsection (e) of the PLRA, which states:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Pursuant to 42 U.S.C. § 1997e(e), Plaintiff's "suit cannot stand unless [he] has suffered a physical injury in addition to mental

or emotional harms."[3] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *see also Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (holding that § 1997e(e) bars compensatory "damages for mental and emotional injuries in the absence of physical injury").  Here, although not clear, Plaintiff appears to request compensatory damages for the humiliation caused by Defendants' alleged unconstitutional strip search when "many" guards, and particularly female guards, were watching.  However, Plaintiff does not allege that he also sustained a physical injury.  As such, Plaintiff has failed to state a claim for compensatory damages pursuant to § 1997e(e).

Even if this claim were not barred by the PLRA, Plaintiff fails to state a viable Eighth Amendment claim.  The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend VIII.  As such, it requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  Prison officials have a duty to "provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  The Court's analysis of Plaintiffs' Eighth Amendment claim involves both an objective and subjective component.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

---

[3] The Court notes that the constitutionality of § 1997e(e) has been called into question. *See Siggers-El v. Barlow*, 443 F. Supp. 2d 811, 816 (E.D. Mich. 2006).  The Court declines to address the constitutionality of this statute except to note that at present, the clear language of § 1997e(e) is controlling in the Tenth Circuit.  *See Searles*, 251 F.3d at 876.

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation. "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted). As to the subjective component, the Court considers whether Defendants intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. Deliberate indifference can only be proved by showing that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837.

Here, Plaintiff contends that on April 10, 2007, May 24, 2007 or May 29, 2007, "Plaintiff was strip searched and fondaled [sic]" by CTCF staff. *Complaint* [#72] at 20. He alleges that the strip search amounts to "sexual malestation [sic]," presumably in violation of the Eighth Amendment. *See id.* In certain circumstances, unwelcome contact that occurs in conjunction with a strip search may satisfy the objective element. *See Levoy v. Mills*, 788 F.2d 1437, 1439-40 (10th Cir. 1986). However, Plaintiff has failed to describe any conduct here that would amount to abusive or unreasonable touching or allege any evidence of a subjective intent of the named Defendants to sufficiently state a claim. *See Jackson v. Cen. N.M. Corr. Facility*, 976 F.2d 740 (table) (10th Cir. 1992) (unpublished decision) ("Because Plaintiff does not allege that the strip search was conducted 'in an abusive fashion or with unnecessary force,' he does not state a claim under the Eighth Amendment." (quoting *Levoy*, 788 F.2d at 1439)). In other words, Plaintiff has failed to articulate facts which, if true, suggest "that the strip search was [conducted] in a manner

which was so harmful as to be cruel and unusual in violation of [his] Eighth Amendment rights." *See Harris v. Rocchio*, 132 F.3d 42 (table) (10th Cir. 1997) (unpublished decision). Further, to the extent that Plaintiff suggests the mere presence of guards of the opposite sex amounted to an Eighth Amendment violation, "[t]here is no circuit precedent which dictates a blanket prohibition on opposite gender strip searches in all situations, nor that they constitute cruel and unusual punishment." *See Graham v. Van Dycke*, No. 05-3397, JTM, 2007 WL 2333224, at *2 (D. Kan. Aug. 14, 2007) (unpublished decision); *see also Jackson*, 976 F.2d 740 (table) (noting that "there may well be times in which female personnel will of necessity need to strip search male prisoners").

The Court further finds that the allegations made by Plaintiff in his complaint are distinguishable from allegations made by inmates in other cases where strip search claims were allowed to proceed beyond this stage of the pleadings. *Cf. Thompson v. Milyard*, No. 07-cv-02132-WYD-CBS, 2008 WL 4097531, at **2-3 (Sept. 2, 2008) (unpublished decision); *Quade v. Milyard*, 2008 WL 4097469, at **2-3 (Sept. 2, 2008) (unpublished decision). In those distinguishable cases, the inmates sufficiently alleged the offensive public nature of the strip searches, described in detail the type of offensive touching involved, and specifically provided information regarding defendants' conduct which could be interpreted as abusive and malicious, e.g., an invasive body cavity search performed in the presence of dozens of officers and more than 500 inmates to maliciously punish and humiliate the inmate. *See, e.g.*, *Quade*, 2008 WL 4097469, at *3. Here, nothing in Plaintiff's vague assertions about Defendants' conduct can be considered malicious or abusive.

Because Plaintiff has failed to articulate any evidence which, if true, suggests that

Defendants violated a constitutional right, it is unnecessary to consider whether Defendants are entitled to qualified immunity. Accordingly, I respectfully **RECOMMEND** that the Motion be **GRANTED** as to Claim II, and that this claim be **dismissed with prejudice**.

   **D.    Claims III, IV & X – Access to the Courts (First and Fourteenth Amendments)**

   As a preliminary matter, Defendants argue that Claims III, IV & X are barred by the PLRA in that Plaintiff does not assert a physical injury. *Motion to Dismiss* [#86] at 5-6. Rather than base my Recommendation on whether Plaintiff has alleged a physical injury, the Court finds that these claims turn on whether Plaintiff has alleged any injury, physical or otherwise.

   To that end, I find that these claims must be dismissed as a matter of law because Plaintiff fails to assert an actual injury attributable to his alleged denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996); *see also Simkins v. Bruce*, 406 F.3d 1239, 1242-43 (10th Cir. 2005) (holding that to state a claim for denial of access to the courts, plaintiff must plead intentional conduct and an actual injury that resulted from it). In Claims III & IV, Plaintiff claims that a previous civil action, No. 07-cv-00261-ZLW, was dismissed because Defendant Smith at CTCF denied him envelopes or delayed in making copies. *Complaint* [#72] at 20-21. He also alleges that another civil action, No. 07-cv-00836-ZLW, was dismissed because CSP "staff would not pick up the mail." *Id.* at 20. As Defendants note in their Motion to Dismiss, neither of these cases were dismissed for untimeliness or for Plaintiff's failure to submit required documents. Rather, both cases were dismissed on their merits during the preliminary stage of review.

   Specifically, No. 07-cv-00261-ZLW was dismissed by Senior District Court Judge

Zita L. Weinshienk because the amended complaint submitted by Plaintiff did not cure the pleading deficiencies he was directed to correct. Civil Action No. 07-cv-00261-ZLW [#26] at 6.[4] First, Plaintiff did not use the Court-approved form, the complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8, it lacked a statement of jurisdiction and a plain statement of claims, and the claims were vague and lacked sufficient detail regarding personal participation. *Id.* at 2-5. More to the point, Judge Weinshienk noted that "[r]ather than summarizing each claim succinctly, Mr. Kettering apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated." *Id.* at 4. Plaintiff's current complaint contains similar deficiencies.

In regard to Plaintiff's present allegations that the lack of envelopes or delayed mail caused the dismissal of the case, the Court notes that when directed to file a new complaint, Plaintiff did so, and the amended complaint was the subject of Judge Weinshienk's dismissal order. Further, the case was dismissed without prejudice, meaning that Plaintiff was permitted to refile it after correcting the pleading deficiencies. He apparently did not do so. Finally, at best, Plaintiff alleges that Defendant Smith negligently, rather than intentionally, hindered his access to the courts. *See Complaint* [#72] at 20. Negligence or an unintentional impact on Plaintiff's access to the courts is insufficient to state a constitutional violation. *Simkins*, 406 F.3d at 1242. Considering these facts, the

---

[4] Defendants attached to their Motion to Dismiss the dismissal orders of Plaintiff's other cases [Docket Nos. 86-2 through -3]. The Court may consider such orders at this stage of the pleadings because Plaintiff referred directly to the dismissal of these cases in his complaint. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). Moreover, even if these cases were not referenced by name or case number in Plaintiff's complaint, the Court may take judicial notice of matters in the public record. *See Vibe Techs., Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 n.2 (D. Colo. Nov. 22, 2006) (unpublished opinion).

Court finds that even giving Plaintiff the benefit of liberal pleading interpretation, he cannot state an actual injury to support his claims. *See Lewis*, 518 U.S. at 350-53 (holding that conclusory assertions that an injury has occurred do not suffice to state a claim for denial of access to the courts).

In addition, No. 07-cv-00836-ZLW was dismissed as legally frivolous, again by Judge Weinshienk, pursuant to 28 U.S.C. § 1915. Civil Action No. 07-cv-00836-ZLW [#22] at 7. Judge Weinshienk noted that dismissal was appropriate where Plaintiff's claim was "one in which plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not assert an arguable claim." *Id.* at 4. In regard to Plaintiff's present allegation that the delayed mail and lack of envelopes caused the dismissal of the case, the Court notes that Plaintiff was given two opportunities to file amended pleadings, and he did so. His final amended complaint was the subject of the dismissal order. Further, the Court notes that given the allegations contained in the dismissed complaint, any further pleadings involving the same claims and parties would likely have been subject to dismissal as well. Considering these facts, the Court finds that even giving Plaintiff the benefit of liberal pleading interpretation, he cannot state an actual injury to support his claims. *See Lewis*, 518 U.S. at 350-53.

Further, Plaintiff's vague delayed mail claim regarding No. 07-cv-00836 is directed against the mail room staff at CSP and does not attribute any wrongdoing to a named party. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Accordingly, as Plaintiff has failed to allege sufficient facts to show that any named Defendant's conduct caused an actual injury, he has failed to state a claim for relief in Claims III & IV.

Further, with respect to Claim X, Plaintiff alleges that CTCF mail room staff "sent

back legal mail from A.C.L.U. costing the Plaintiff to suffer the loss of a law suit in California against the San Leandro Police Department. . . . Also stoping [sic] mail to my lawer [sic] at Salida Co." *Complaint* [#72] at 25. Again, his vague claim directed solely against the mail room staff at CTCF does not attribute any wrongdoing to a named party. *See Bennett*, 545 F.2d at 1262-63; *see also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (holding that Plaintiff must allege an affirmative link between the alleged unconstitutional conduct and the named party). Further, while interference with legal mail may, under some circumstances, constitute denial of access to the courts, see, e.g., *Simkins*, 406 F.3d at 1242, Plaintiff has failed to provide sufficient detail regarding the alleged conduct at issue, the alleged individuals involved, the alleged lawsuit in California and the details of its dismissal. *See generally Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it, how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Accordingly, as Plaintiff has failed to allege sufficient facts to show that a named Defendant's conduct caused an actual injury, he has failed to state a claim for relief in Claim X.

Because Plaintiff has failed to articulate any evidence which, if true, suggests that Defendants violated a constitutional right, it is unnecessary to consider whether Defendants are entitled to qualified immunity. Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** as to Claims III, IV & X, and that these claims be **dismissed with prejudice**.

### E. Claim VI – Administrative Segregation (Fourteenth Amendment)

As a preliminary matter, Defendants argue that Claim VI is barred by the PLRA in that Plaintiff does not assert a physical injury. However, the Court finds that Plaintiff has not asserted a mental or emotional injury which would trigger application of the PLRA. Because "Plaintiff does not bring 'an action . . . for mental or emotional injury'" in relation to Claim VI, "the limitation imposed [pursuant to § 1997e(e)]–a prior showing of physical injury–cannot apply . . . ." *Hawkinson v. Montoya*, 479 F. Supp. 2d 1164, 1169 (D. Colo. 2007).

Accordingly, the Court addresses the merits of Claim VI. This claim involves Plaintiff's placement in administrative segregation. In general, "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Such confinement thus does not typically implicate a protected liberty interest. In *Sandin*, however, the Supreme Court held that administrative segregation may implicate a liberty interest protected by the due process clause if it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or if it inevitably increases the duration of the sentence imposed. *Sandin*, 515 U.S. at 484, 487; *see also Wilson v. Jones*, 430 F.3d 1113, 1120-21 (10th Cir. 2005).

Plaintiff alleges that "[i]n all hearings at CTCF Ken Topliss and Lt. Fazzino never gave minimum due process." *Complaint* [#72] at 22. Specifically, he contends that he was not allowed to question the witnesses against him and was placed in administrative segregation for "300 days in keep lock 23 1/2 hours a day." *Id.* Plaintiff does not allege the purpose of the hearings, the disciplinary violations at issue, or the time period when the hearings were held. As a preliminary matter, inmates may not challenge an administrative

disciplinary decision that affected the overall length of their confinement unless they can show that the conviction or confinement has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, there is no allegation that Plaintiff's confinement in segregation impacted the length of his sentence.

To state a Fourteenth Amendment due process claim, a plaintiff must allege details that satisfy two elements. *See Bartell v. Aurora Pub. Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, he must show that he possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001). Second, he must show that the he was not afforded the appropriate level of process. *See Bartell*, 263 F.3d at 1149. Here, Defendants argue that Plaintiff's complaint fails to make sufficient allegations to satisfy either element of the Fourteenth Amendment analysis. *Motion to Dismiss* [#86] at 8-10.

Liberty interests "are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). While "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 228 (2001), this reality is tempered by the recognition that "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974). In considering whether Plaintiff's allegations trigger a liberty interest, I must also examine the conditions of confinement before I determine whether such conditions impose an atypical and significant hardship on the inmate. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citing *Gaines v.*

*Stenseng*, 292 F.3d 1222, 1225-26) (10th Cir. 2002)).

Defendants contend that Plaintiff has not placed the violation of a liberty interest at issue. *Motion to Dismiss* [#86] at 8. As Defendants' correctly note, the mere placement in administrative segregation does not, on its own, implicate a liberty interest. *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The only other detail provided by Plaintiff regarding whether his segregation was atypical is that he was placed in "keep lock" for 300 days. *Complaint* [#72] at 22. A determination of what constitutes an atypical and significant hardship necessarily includes a consideration of whether the condition in question is a dramatic departure from what would be expected of a person serving a similar sentence. This consideration includes whether the segregation complained of (1) differs significantly from other types of segregation; (2) differs significantly from what it would have been had the prisoner remained in the general prison population; (3) increases the duration of a prisoner's sentence; (4) is for an indefinite term; and (5) furthers a legitimate interest. *Sandin*, 515 U.S. at 484-87; *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Plaintiff has failed to provide details which, if taken as true, address many of these elements. While he does state that he was locked down for 23 1/2 hours a day, he does not indicate how this differed from his normal confinement or what activities he was forced to go without. As noted earlier, he does not explain the purpose of his confinement in segregation, nor does he indicate that it impacted the length of his confinement. Finally, he acknowledges that his confinement in segregation was for a definite, rather than an indefinite, term. Because Colorado inmates do not have a liberty interest in avoiding

segregation, the mere duration of confinement in segregation, i.e., 300 days, does not serve to create a liberty interest. *See Templemen*, 16 F.3d at 369. Considering all of the above factors, and Plaintiff's failure to address many of them, I cannot find that the complaint, even accepting its vague allegations as true, sufficiently implicates a liberty interest.

As to the alleged provision of inadequate process, because Plaintiff has failed to sufficiently allege the deprivation "of any liberty to which he was entitled, no particular process was constitutionally required." *Id.* at 371. Even if that were not the case, there is no general constitutional right to confront the witnesses against an inmate in a prison disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308 322 n.5 (1976); *Wolf*, 418 U.S. at 568.

Because Plaintiff has failed to articulate any allegations which, if true, suggest that Defendants violated a constitutional right, it is unnecessary to consider whether Defendants are entitled to qualified immunity. Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** as to Claim VI and that this claim be **dismissed with prejudice**.


    **F.**    **Claims VII, XII & XIII – Inadequate Food (Eighth Amendment, Religious Freedom Restoration Act)**

These claims involve Plaintiff's contention that he was being deprived of adequate and sanitary eating conditions. As a preliminary matter, to the extent that any of Plaintiff's food-related claims assert an injury pursuant to the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, regarding Defendants' failure to provide him a kosher diet, they should be dismissed. The Supreme Court has determined that the RFRA is

unconstitutional as applied to state actors. *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997); *Derrick v. Ward*, 91 Fed. Appx. 57, 59 n.1 (10th Cir. 2004) (unpublished decision). Therefore, the Court addresses these claims solely from the standpoint of an alleged Eighth Amendment violation.

Turning to the issue of the PLRA's physical injury requirement, Defendants argue Claims XII & XIII should be dismissed because Plaintiff failed to assert a physical injury. *Motion to Dismiss* [#86] at 5-6. Defendants do not raise a similar defense to Claim VII, presumably because Plaintiff claims that he "suffered a great deal of weight loss" in relation to this claim. *See Complaint* [#72] at 24. As noted earlier, the applicability of the PLRA's physical injury requirement depends on whether Plaintiff has first stated a claim for mental or emotional injuries. *See Hawkinson*, 479 F. Supp. 2d at 1169. Because I find that Plaintiff has not placed any mental injuries at issue in Claims XII & XIII, the limitation set forth in § 1997e(e) does not apply.[5]

Addressing Plaintiff's food-related claims on their merits, Defendants argue that allegations that they "forget" to give Plaintiff the proper amount of food, serve food with hair

---

[5] The Court notes that pursuant to Claim VII, Plaintiff does assert a mental injury, namely "mental frustration." Arguably, therefore, the PLRA applies and requires Plaintiff to also allege a physical injury in relation to his mental claim. As noted above, Plaintiff's physical injury associated with this claim is limited to weight loss. While case law from this Circuit suggests that weight loss is not sufficient to establish a physical injury in satisfaction of § 1997e(e), Defendants do not make this argument. *See, e.g.*, *Murray v. Edwards County Sheriff's Dep't*, 453 F. Supp. 2d 1280, 1292 (D. Kan. 2006). Assuming that, like the PLRA's exhaustion requirement, the PLRA's physical injury requirement is an affirmative defense, Defendants' failure to raise this defense as to Claim VII operates as a waiver. *See Caldwell v. Dist. of Columbia*, 201 F. Supp. 2d 27, 34 (D.D.C. 2001). While the Court could arguably address the sufficiency of the alleged physical injury pursuant to its authority provided by 28 U.S.C. § 1915(e)(2)(B)(ii), the Court prefers to address Plaintiff's food-related claims on their merits. *See Douglas v. Yates*, No. 07-10518, 2008 WL 2875804, at *3 (11th Cir. July 28, 2008) (unpublished decision).

in it, and do not wear sanitary gloves, hair nets, aprons, etc. when handling food, do not go far enough to plead a constitutional injury pursuant to the Eighth Amendment. *See Farmer*, 511 U.S. at 835-37. A review of the complaint, however, reveals that Plaintiff also alleges that Defendants continually give him rotten, rancid, worm-infested, and inedible food.

It is true that "[me]re negligent actions . . . [are] not actionable under § 1983." *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699 n.7 (10th Cir. 1995), and that "liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant." *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). However, contrary to Defendants' contentions, Plaintiff pleads more than mere negligence. He alleges an ongoing deprivation of edible food and unsanitary conditions which, if true, may constitute an objective Eighth Amendment violation. *See Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir. 1980) (noting that the state must provide inmates with "nutritionally adequate food" and that health code violations are relevant to the determination).

Further, as to the subjective component of the Court's analysis, Plaintiff contends that his frequent complaints went unanswered and that Defendants (1) knowingly served him rancid and worm-infested food and deprived him of adequate amounts of food and (2) told him that he does "not deserve good food." *Complaint* [#72] at 23. Further, he contends that Defendants failed to use sanitary methods in compliance with health department regulations when serving and handling the food despite his persistent complaints. *Id.* Because Plaintiff alleges that (1) he routinely complained to Defendants about the rotten, rancid, and vermin-invested nature of the food and the alleged unsanitary conditions under which it was served and (2) Defendants were aware of, but did nothing

to remedy, the alleged situation and instead told him it was all he deserved, I find that Plaintiff has minimally alleged sufficient facts to state an Eighth Amendment claim. *See generally Summers v. Sheahan*, 883 F. Supp. 1163, 1170 (N.D. Ill. 1995) (holding that allegations that plaintiff was served vermin-infested food, coupled with allegations that he routinely complained but defendants did nothing, sufficiently stated an Eighth Amendment claim).

Defendants assert that even if Plaintiff has stated a constitutional injury, they are entitled to qualified immunity. *See Motion to Dismiss* [#86] at 18-19. Given that Plaintiff has minimally established a constitutional claim, qualified immunity is only justified if the constitutional right was not clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Contrary to Defendants' assertion, the law is clearly established that inmates are constitutionally entitled to edible food prepared under sanitary conditions. *See Ramos,* 639 F.2d at 570-71. While Plaintiff may not ultimately be able to prove that Defendants violated clearly-established precedent regarding his specific food-related claims, he has minimally alleged (1) a constitutional violation (2) that Defendants deliberately disregarded, such that these claims survive this stage of the proceedings. Accordingly, I recommend that Defendants' Motion to Dismiss be **DENIED** as to Claims VII, XII & XIII.[6]

### G.    Claim VIII – Inadequate Exercise (Eighth Amendment)

As a preliminary matter, Defendants argue that Claim VIII is barred by the PLRA in

---

[6] To the extent that these claims also raise First Amendment violations regarding Plaintiff's religious requirement to receive a kosher diet, Defendants have not moved to dismiss these claims pursuant to the First Amendment.

that Plaintiff does not assert a physical injury. As noted earlier, the applicability of the PLRA's physical injury requirement depends on whether Plaintiff has first stated a claim for mental or emotional injuries. *See Hawkinson*, 479 F. Supp. 2d at 1169. Because I find that Plaintiff has not placed any mental injuries at issue in Claim VIII, the limitation set forth in § 1997e(e) does not apply.

In any event, to the extent that Plaintiff asserts unidentified injuries in relation to the exercise time provided to him while incarcerated at CSP, he has not asserted this claim against any CSP employees. As such, this portion of the claim should be dismissed for Plaintiff's failure to allege the personal participation of any named Defendants. *See Butler*, 992 F.2d at 1055.

Considering the merits of Plaintiff's claim, he argues that Defendant "Hidenthal at CTCF would not give a full hour of exercise and no outdoor exercise for . . . 90 days." *Complaint* [#72] at 24. Again, to state a claim for an Eighth Amendment violation, Plaintiff must allege that the deprivation was objectively serious and that Defendant subjectively acted with deliberate indifference. *Farmer*, 511 U.S. at 834.

As to the objective component of this analysis, the Constitution only protects inmates from "extreme deprivations." *Hudson*, 503 U.S. at 9. As a preliminary matter, this Circuit has "never expressly held that prisoners have a constitutional right to exercise." *Perkins*, 165 F.3d at 810. While a "total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment," Plaintiff has not alleged a total deprivation. *See id.* (citation omitted). Rather, he admits that he received at least forty minutes of exercise five days a week. *See Complaint* [#72] at 24. Even interpreting Plaintiff's allegations about the amount of exercise time he received per

week in the light most favorable to him, he has failed to allege an objectively serious deprivation. *See Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) (holding that exercise restricted to one hour total per week of outdoor exercise did not support an Eighth Amendment claim); *Pastorius v. Romer*, 97 F.3d 1465 (table) (10th Cir. 1996) (unpublished decision) (upholding dismissal as frivolous of inmate's claim that he only received one hour of exercise per day, inadequate fresh air, and no direct exposure to sunlight; *Rosales v. Ortiz*, No. 06-cv-2438-EWN-CBS, 2008 WL 877173, at **3, 11 (D. Colo. Mar. 27, 2008) (unpublished decision) (adopting Magistrate Judge's recommendation that a claim related to fifty minutes of indoor exercise per week and forty-five minutes of outdoor exercise every two weeks did not satisfy the objective sufficient deprivation requirement).

To the extent that Plaintiff asserts that state policy creates a liberty interest in being provided one hour of exercise per day, *Complaint* [#72] at 24, such policies are "primarily designed to guide correction officials in the administration of a prison. . . . [They are] not designed to confer rights on inmates . . . ." *Sandin*, 515 U.S. at 481-82. Quite simply, the failure to adhere to facility policy, without more, "does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993).

With respect to Plaintiff's claim that he was denied outdoor exercise for a period of ninety days, it is true that "some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." *Bailey*, 828 F.2d at 653. Defendants argue that a ninety-day denial of outdoor exercise is not actionable because Plaintiff also received regular out-of-cell exercise during this time. *Motion to Dismiss* [#86] at 14. Defendants cite to two cases which recognize that the prolonged denial of outdoor exercise may state an Eighth Amendment violation. *See Fogle*, 435 F.3d at 1260 (holding that a

three-year denial of outdoor exercise may constitute an objective injury); *Perkins*, 165 F.3d at 810 (noting that nine-month denial of outdoor exercise may constitute an objective injury). However, they argue that a ninety-day denial is not sufficiently long enough in duration to rise to that level. *Motion to Dismiss* [#86] at 14. The Court disagrees. Plaintiff has, at a minimum, stated a sufficiently serious objective deprivation.

Turning to the subjective component, however, Plaintiff has failed to attribute any knowledge or deliberate indifference to the only named Defendant in this claim. For instance, he did not allege that he complained to Defendant Hidenthal or that he filed grievances regarding his alleged lack of outdoor exercise to put this Defendant on notice. Nothing, as pled by Plaintiff, indicates that Defendant Hidenthal "knew of a substantial risk of harm to plaintiff's well being resulting from the lengthy denial of outdoor exercise and that [he] disregarded that harm." *See Perkins*, 165 F.3d at 810. An allegation regarding Defendant Hidenthal's subjective knowledge is particularly important here given that Plaintiff also received at least forty minutes of out-of-cell exercise during this period of time. *See Pastorius*, 97 F.3d at 1465 (noting that the lack of outdoor exercise or exposure to the sun was offset by inmate's regular out-of-cell exercise and agreeing that a claim suggesting otherwise was legally frivolous).

Because Plaintiff has failed to articulate any evidence which, if true, suggests that Defendants violated a constitutional right, it is unnecessary to consider whether Defendants are entitled to qualified immunity. Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** as to Claim VIII and that this claim be **dismissed with prejudice**.

### H.     Claims IX & XI – Retaliation (First Amendment)

As a preliminary matter, although Defendants argue that Claims IX & XI are barred by the PLRA in that Plaintiff does not assert a physical injury, the Court finds that Plaintiff has not asserted a mental injury and, therefore, § 1997e(e) is not implicated. *See Hawkinson*, 479 F. Supp. 2d at 1169.

"[I]n order to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action." *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 280839, at *7 (D. Colo. Jan. 31, 2008) (unpublished decision) (quoting *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)). However, an inmate is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." *Peterson v. Shanks,* 149 F.3d 1140,1144 (10th Cir.1998). To prevail on the causation element of a claim for retaliation, a plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)).

Here, viewing the complaint liberally, Plaintiff alleges that Defendants took his ink pens and toothbrush and then broke his glasses in retaliation for Plaintiff filing grievances and lawsuits. *Complaint* [#72] at 25-26. He also admits that Defendants let him keep at least one pen and that he was able to borrow pens from other prisoners. *Id.* at 26. Plaintiff correctly argues that the filing of grievances and lawsuits are protected conduct to satisfy the first element. *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (holding that prison officials may not retaliate against prisoners for filing lawsuits or petitioning for redress of grievances). However, he has wholly failed to raise any actions attributable to

Defendants that may constitute harm or motive to satisfy the second or third elements. To the extent that Plaintiff alleges that Defendants took his pens, but did not completely deprive him of access to pens, he has failed to allege that he suffered an adverse action sufficient to satisfy the second element. Moreover, to the extent that Plaintiff alleges that Defendants took his toothbrush, broke his glasses, or limited the number of pens he could have, he has failed to allege how any of those actions, if true, harmed his ability to pursue protected conduct. Finally, even if Defendants' alleged conduct constitutes adverse actions, in regard to the third required element for retaliation, Plaintiff has failed to adequately assert any alleged causal connection between the filing of his lawsuits and grievances and Defendants' conduct.

"An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson*, 149 F.3d at 1144 (citation omitted). That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). Here, Plaintiff's conclusory assertion that he "know [sic] staff took ink pens because of writing law suit" does not provide sufficient detail regarding a causal connection between his protected conduct and Defendants' actions. *See Complaint* [#72] at 26.

Because Plaintiff has failed to articulate any allegations which, if true, suggest that Defendants violated a constitutional right, it is unnecessary to consider whether Defendants

are entitled to qualified immunity. Accordingly, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** as to Claims IX & XI and that these claims be **dismissed with prejudice**.

### III. Conclusion

For the reasons stated above, I respectfully **RECOMMEND** that the Motion to Dismiss [#86] be **GRANTED in part and DENIED in part**. The Court summarizes its Recommendation as follows:

(1) To the extent that Plaintiff asserts claims against Defendants in their official capacities, those claims should be dismissed.

(2) Plaintiff has failed to state claims for relief pursuant to Claims II, III, IV, VI, VIII, IX, X & XI, and those claims should be dismissed.

(3) Plaintiff has minimally pled facts which, if true, may state claims for relief pursuant to Claims VII, XII & XIII as discussed. These claims should proceed in addition to Claims I & V, which were not addressed in Defendants' Motion to Dismiss.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 11, 2008

<div style="margin-left:50%">

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

</div>