IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

    Defendant(s).

---
## MINUTE ORDER
---

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion Supporting 180 Stay** [Docket No. 159; Filed October 7, 2008] ("Motion to Stay"); **Plaintiff's Motion to Compel D.R.D.C. to Give Access to the Courts and a Stay Untell [sic] I Can Get Timely Assistance and Cooperation** [Docket No. 160; Filed October 7, 2008) ("Motion to Compel"); and **Plaintiff's Motion to Show Cause that Plaintiff Suffered a Great Deal of "Mental Frustration" from COPD's** [Docket No. 161; Filed October 7, 2008] ("Motion to Show Cause").

IT IS HEREBY **ORDERED** that the Motion to Stay [Docket No. 159] is **DENIED in part and HELD in ABEYANCE in part**. To the extent that the Motion to Stay accuses the Court of allowing prison officials to interfere with his mail and demanding that the Court take action, the Motion to Stay is **denied**. As a preliminary matter, Plaintiff has been warned on multiple occasions that pleadings containing offensive or insulting language directed at the Court of Defendants will be summarily denied or stricken. The Court considers Plaintiff's statement that the Court "actuall [sic] make [sic] me sick to my stomack [sic]" to be a direct violation of my prior Orders. Plaintiff must litigate his case in a civil and courteous manner or the Court will recommend that his case be dismissed pursuant to Fed. R. Civ. P. 41(b) or 11 or 28 U.S.C. § 1915(e)(2)(B)(I). In addition, Plaintiff's demand that the Court take action to address his alleged problems in communicating by mail with the Court comes <u>six days</u> after he <u>refused</u> to attend the Final Pretrial Conference in his case [Docket No. 157]. If he indeed is experiencing problems with legal mail or a lack of paper, he could have communicated those problems to the Court at the Final Pretrial Conference. His refusal to attend is yet another example of his unwillingness to follow Court practice, protocols and rules, coupled with his apparent belief that he can make up his own rules for the litigation. He is sadly mistaken. To the extent that Plaintiff requests a 180-day stay of his case due to Defendants' alleged denial of Plaintiff the access to his legal materials, the Motion to Stay is **held in abeyance**. Defendants shall respond to the Motion to Stay on or before **October 14, 2008**.

IT IS HEREBY **ORDERED** that the Motion to Compel [Docket No. 160] is **DENIED**. The Motion is directed toward nonparty, unnamed, D.R.D.C staff members. The Court has no authority to compel nonparties to act. To the extent that the Motion also requests a 180-day stay of Plaintiff's case, such request will be addressed in conjunction with the Motion to Stay [Docket No. 159].

IT IS HEREBY **ORDERED** that the Motion to Show Cause [Docket No. 161] is **DENIED**. The Motion does not comply with D.C. Colo. L. Civ. R. 7.1(C) in that the relief Plaintiff seeks is unclear and the law which supports the request is not referenced. To the extent that Plaintiff is requesting that the Court take judicial notice of his alleged injuries,

the Motion is improper. The Court will not take notice of disputed facts, claims, or injuries which are the subject of Plaintiff's lawsuit. Plaintiff must make a showing that such facts, claims, or injuries exist either via dispositive motion or at trial.

Dated: October 8, 2008