IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01575-REB-KLM

CHARLES LEE KETTERING,

    Plaintiff(s),

v.

CO CHAVES,
CO LATIMER,
CO SIMMS,
CO GERIDONO,
SHIFT COMMANDER GLIDEWAY,
SHIFT COMMANDER DEROSA,
CO CLIFTON,
CO KIRK,
CO MERTZ,
CO COLT MCVEY,
CO SPARKS,
CO VAALPANDO,
CO WEST,
CO McDOWELL,
CO SIMPSON,
CO ACHEN,
CO HIDENTHAL,
MAJOR MAYFIELD,
DOCTOR MORGAN,
CO RICKY WATKINS,
CO HENRY WILLIAMS,
MRS. C. SMITH, Legal Assistant,
CO GILLMAN,
CO DEFRANSISCO,
CO KEN TOPLISS, Hearing Officer,
CO FAZZINO, Investigator,
LT. DUZENACK, CSP Kitchen,
CO ORTEGA, CSP Kitchen.,
CAPTAIN VENDETTA,
CO ZAMPARELLI, and
[FNU] HOLDICH,

    Defendant(s).

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND
## ORDER DENYING STAY OF CASE
---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Rule 41(b) Motion to Dismiss** [Docket No. 151; Filed September 29, 2008] (the "Motion to Dismiss"). Plaintiff was directed to file a response to the Motion to Dismiss on or before October 14, 2008 [Docket No. 157], but Plaintiff failed to do so. Regardless, because Plaintiff is proceeding *pro se*, the Court gives Plaintiff the benefit of liberal pleading interpretation. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the Plaintiff's advocate and must nevertheless dismiss his case if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.[1]

This matter is also before the Court on **Plaintiff's Motion Supporting 180 Stay** [Docket No. 159; Filed October 7, 2008] ("Motion to Stay"). Perhaps in lieu of Plaintiff responding to the Motion to Dismiss, Plaintiff asks the Court to stay his case for a period of 180 days due to an alleged conspiracy between the Court and Defendants to hinder his ability to prosecute his case. Defendants responded in opposition to the Motion to Stay on October 14, 2008 [Docket No. 167]. The Court considers the Motion to Stay to be fully briefed for purposes of its resolution herein.

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

2

The Court has reviewed the Motion to Dismiss, the Motion to Stay, Defendant's response to the Motion to Stay, the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion to Dismiss [#151] be **GRANTED** and order that the Motion to Stay [#159] be **DENIED**.

## I. Background

Plaintiff is currently a prisoner at the Denver Reception and Diagnostic Center within the Colorado Department of Corrections ("CDOC"). His case involves the conduct of officials at the Larimer County Detention Center, which is not a CDOC facility, where Plaintiff was previously incarcerated. *Response* [#167] at 3 n.4.

In the Motion to Dismiss, Defendants contend that Plaintiff's case should be dismissed as a litigation sanction due to Plaintiff's failure to comply with several Court Orders and due to Plaintiff's general disregard for the Court, defense counsel, Defendants, and deadlines in the prosecution of his case. *Motion to Dismiss* [#151] at 4-9. This is the second motion filed by Defendants to dismiss Plaintiff's case as a sanction. The first motion sought to dismiss Plaintiff's case due to Plaintiff's discovery misconduct in failing to attend his properly-noticed May 28, 2008 deposition. *Motion* [#102] at 6. While the Court did not recommend dismissal of Plaintiff's case at that time, the Court made several findings of fact[2] and warned Plaintiff that his failure to comply with Court Orders in the

---

[2] Specifically, the Court found that "Plaintiff failed to attend one deposition noticed by Defendants. The Court also [found] that Plaintiff's failure to attend his deposition [was] indefensible. Further, the Court [found] that the tone of Plaintiff's communications with defense counsel [was] reprehensible." *Recommendation* [#110] at 4. Despite these findings, and while nothing excused Plaintiff's conduct or his belligerent communications with defense counsel, the Court did not recommend dismissal.

future would result in a recommendation of dismissal. *Recommendation* [#110] at 7. The Court also noted that Plaintiff failed to respond to several motions. To this end, the Court warned Defendant that he was in danger of dismissal of his case due to a failure to prosecute. *Id.* at 7 n.3. Further, the Court warned Plaintiff in the Recommendation and in multiple other Orders that his abusive tone directed toward the Court, defense counsel, and Defendants would not be tolerated and might also result in a recommendation of dismissal of his case [Docket Nos. 99, 131 & 163]. Despite the Court's prior lenience, Plaintiff has failed to remedy his misconduct and has continued on a path of noncompliance and abuse. See, for example, my Order at Docket No. 170.

Specifically, pursuant to D.C. Colo. L. Civ. R. 16.3, and the Court's Order of February 6, 2008 [Docket No. 70], Plaintiff was required to participate in the preparation and submission of a proposed Final Pretrial Order. Plaintiff refused to comply with this Court Order, and the Court was prompted to *sua sponte* reset the Final Pretrial Conference and remind Plaintiff of his obligation to participate in the preparation of his case for trial [Docket No. 137]. Despite the Court's Order, Plaintiff again refused to assist Defendants in the preparation of the proposed Final Pretrial Order. Moreover, on the date of the Final Pretrial Conference, Plaintiff refused to attend, and the prison facility informed the Court by telephone that Plaintiff was being verbally abusive toward staff and would not allow them to handcuff him in their attempts to have him appear as ordered. *Telephone Discussion with Cathie Holst, CDOC* (Oct. 1, 2008). To date, no Final Pretrial Order has been entered in Plaintiff's case, and Plaintiff has failed to comply with a third Court Order requiring him to timely supplement the proposed Final Pretrial Order with his required submissions [Docket No. 157]. The Court also considers Plaintiff's noncompliance with several other

Court Orders as well as Plaintiff's continued abusive behavior directed toward the Court, defense counsel, and Defendants in the resolution of Defendants' Motion to Dismiss.

## II.  Findings

The Court finds that Plaintiff has failed to comply with at least four Court Orders:

(1) Plaintiff did not comply with the Court's first Order regarding the preparation and submission of a proposed Final Pretrial Order in advance of the Final Pretrial Conference [Docket No. 70].  Plaintiff failed to assist Defendants in the preparation of the proposed Final Pretrial Order which prompted the Court to vacate the first Final Pretrial Conference;

(2) Plaintiff did not comply with the Court's second Order regarding the preparation and submission of a proposed Final Pretrial Order in advance of the Final Pretrial Conference [Docket No. 137].  Plaintiff again failed to assist Defendants in the preparation of the proposed Final Pretrial Order.  He also refused to attend the second Final Pretrial Conference;

(3) Plaintiff did not comply with the Court's Order directing Plaintiff to file his submissions for the proposed Final Pretrial Order by October 14, 2008 [Docket No. 157]; and

(4) Plaintiff did not comply with the Court's Order directing Plaintiff to respond to Defendant's Motion to Dismiss by October 14, 2008 [Docket No. 157].

Pursuant the Court's Order of October 1, 2008 [Docket No. 157], the "Court issue[d] a final warning to plaintiff that if he fail[ed] to provide his portions of the Final Pretrial Order or to respond to Defendants' [Motion to Dismiss] in a timely matter, the Court [would] recommend that this action be dismissed." *Order* [#157] at 2.  As noted above, Plaintiff

5

failed to timely comply with either portion of the Court's Order.[3]

The Court also finds that Plaintiff disregarded several Court Orders regarding the abusive and offensive tone of his legal documents. Specifically, on April 25, 2008, the Court noted that Plaintiff's pleadings in this and another pending case (06-cv-01989-REB-KLM) "evidenced a disturbing pattern of abusive language and tone directed at the Court, defense counsel, and Defendants. The benefit of liberal pleading rules is not a license for Plaintiff to file unnecessarily abusive pleadings." *Order* [#99] at 2. Despite this clear warning, Plaintiff continued to file pleadings which contained malicious fabrications, threats and commands directed at the Court and Defendants, as well as to send abusive letters to defense counsel. Plaintiff's pleadings filed prior to my first warning and thereafter contained language like "courts and you attorneys [have] to open your eyes to reality"; "so untell [sic] court get off there [sic] butts"; "a cow is smarter than these fools"; "so Plaintiff asks you when is the U.S. Courts going to do their job and lite [sic] a fire under someone's ass"; "so Mister Dance and Judge Mix when are your going to wake up from your dream world and do something to change this broken system"; "Plaintiff will answer [discovery] when . . . Judge Mix sends notice to [prison] staff to assist Plaintiff"; "defendants will lie about any and all question ask [sic]"; "put up or shut up"; "stinking scum"; "lying scum"; "you people make me sick to my stomach"; "I've had it with liars . . . sick of you all"; "you are trying . . . to torcher[] people"; "if this court is not biased and prejudiced then compell [sic] Defendant to comply and follow civil rules"; "please let Hogan & Harson take my case or

---

[3] After expiration of the Court's final deadline, Plaintiff filed an abusive and threatening motion which sought an extension of time to comply. In the motion, he blames a nonparty "fool in the legal access program" for his alleged inability to comply [Docket No. 168]. The Court denied the motion as abusive, untimely, and lacking a meaningful basis [Docket No. 170].

6

you are biased and prejudice[d] against Plaintiff"; "if something is not done . . . I will not be responsible for my actions"; "this court is showing nothing but prejudice and bias[]"; "it all must come to a stop, [either] order Defendants to comply with discovery without delay or I will not comply with your demands"; "how am I supposed to know any rules . . . you have not done anything for plaintiff since this law suit began"; and "if your [sic] not <u>biased, prejudice[d] and an avicate [sic] to the Defendant, and try a little respect to a person torchered by DOC scum</u>" [Docket Nos. 94, 97, 102-2, 118, 119, 120, 124, 125, 129 ].

The Court warned Plaintiff a second time on August 8, 2008 that his pleadings were not a license to insult the Court or Defendants. *Order* [#131] at 3. The Court specifically warned Plaintiff that future pleadings which contained abusive or threatening language might result in sanctions, including the dismissal of his case. *Id.* Despite this second warning, Plaintiff continued his malicious actions and filed pleadings or sent correspondence to defense counsel which contained language like "give a copy of this to the scandalist [sic] court Judge Blackburn and tell him to get off his ass and start protecting prisoner's writes [sic] . . . or kiss my ass you make me sick"; "when are you going to do something for inmates you leave only one way to take care of it"; "when are you going to do something you actuall [sic] make me sick to my stomach"; "this court has been and continues to be <u>highly prejudicial</u>"; and "I've got new[s] for you! They have <u>no</u> integrity whatsoever." [Docket Nos. 154-3, 159, 160, 161].

Plaintiff's most recent pleadings prompted the Court to issue a third Order on October 8, 2008, and note that his pleadings were in direct violation of my prior Orders and inform Plaintiff again that he was in danger of dismissal of his case pursuant to Fed. R. Civ. P. 41(b), 11, or 28 U.S.C. § 1915(e)(2)(B)(1) [Docket No. 163].

7

Finally, given Plaintiff's noncompliance with this Court's prior Orders, particularly those relating to his refusal to participate in the preparation of the proposed Final Pretrial Order, his refusal to attend the Final Pretrial Conference, and his persistence in filing abusive pleadings, the Court finds that Plaintiff's conduct has been willful and malicious, and evidences a lack of desire to prosecute his case in compliance with the Federal and Local Rules of Civil Procedure. Throughout this litigation, it has been clear to the Court that Plaintiff erroneously believed that he could dictate these proceedings as he saw fit. *See, e.g., Recommendation* [#110] at 5-7. Despite my warnings to the contrary, Plaintiff has continued to flaunt decorum, procedural rules, and my Orders as a means to stall, disrupt, and dictate the tempo and direction of his case. The time has come for the Court to take a stand against Plaintiff's contumacious behavior. Although Defendants move for dismissal of Plaintiff's case pursuant to Fed. R. Civ. P. 41(b), the Court also considers whether dismissal is appropriate pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1915(e)(2)(B)(1).

### III. Analysis

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" . . . at issue . . . .'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5)

the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

The Court notes that the standards for dismissal pursuant to Rule 41(b) and 11 are essentially the same as those utilized for discovery violations. *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders [and]. . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."). Rule 41(b) authorizes the Court to dismiss Plaintiff's case due to his failure to prosecute his case and failure to comply with Court rules or orders. Fed. R. Civ. P. 41(b). Rule 11 authorizes the Court to sanction a party for representations made to the Court which are "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" or for a party's failure to justify his allegations "with evidentiary support." Fed. R. Civ. P. 11(b)(1) & (3). Although dismissal as a Rule 11 sanction is not expressly authorized, such a dismissal "is still an appropriate sanction under certain egregious circumstances . . . ." *Lynn v. Roberts*, No. 01-cv-3422-

MLB, 2006 WL 2850273, at *6 (D. Kan. Oct. 4, 2006) (unpublished decision). Finally, although Plaintiff is proceeding *pro se*, he is not immune from Rule 41(b) or 11 sanctions. *See, e.g.*, *Steiner v. Concentra Inc.*, 195 Fed. Appx. 723, 727-28 (10th Cir. Aug. 31, 2006) (unpublished decision); *Clements v. Chapman*, 189 Fed. Appx. 688, 692-93 (10th Cir. June 27, 2006) (unpublished decision).

### A. Prejudice to Defendants

I find that Plaintiff's conduct prejudiced Defendants' ability to defend against the accusations lodged by Plaintiff in his complaint. In this regard, the Court notes that Plaintiff's abuses have caused Defendants to expend unnecessary resources and time to seek Plaintiff's compliance with his discovery and pretrial responsibilities. Defendants' counsel has also been subjected to unwarranted name calling and threats. Finally, the Court particularly notes that Defendants prepared and submitted a proposed Final Pretrial Order on two occasions without the aid or participation of Plaintiff. The second time Defendants did so was a direct result of Plaintiff's first failure to satisfy his obligations as a litigant in a federal case, yet Plaintiff still did not assist Defendants or make any effort to move his case forward. As a result of Plaintiff's misconduct, Defendants are unaware of Plaintiff's witnesses and exhibits. This is particularly prejudicial due to the fact that the trial is set for December 15, 2008 and, at present, Defendants must prepare for trial unaware of Plaintiff's evidence.

### B. Interference with the Judicial Process

I find that Plaintiff's conduct in this case has interfered with the judicial process. Just as Defendants are burdened by Plaintiff's abuses so, too, is the Court. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-

27 (10th Cir. 2003). Plaintiff's failure to comply with Court Orders and his continued filing of abusive pleadings, despite being warned about such in this case and others, evidences a complete lack of respect for the Court, Defendants, and the judicial process. Moreover, the Court's continual review of Plaintiff's file and the issuance of Orders prompted by Plaintiff's failure to comply with my prior Orders and by his abusive pleadings increases the workload of the Court and interferes with the administration of justice. Indeed, Plaintiff's conduct has required the Court to expend unnecessary effort and time which has hindered the Court's timely resolution of disputed matters for compliant parties in other cases. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *See Lynn*, 2006 WL 2850273, at *7.

Moreover, Plaintiff's failure to get his case ready for trial by providing his mandatory submissions for the Final Pretrial Order, despite being given ample opportunities to do so, greatly impacts not just this judicial officer and Defendants, but the District Court Judge as well. As noted, Plaintiff's trial date has already been set on the District Court's calendar, which means that time has been reserved for his case to the detriment of other matters. Moreover, Defendants remain largely unprepared to go to trial due to Plaintiff's recalcitrance.

### C. Culpability of Plaintiff

Plaintiff has, without any reasonable excuse, failed to comply with multiple Court Orders and further subjected the Court, defense counsel, and Defendants to unwarranted threats, name calling, and unsupported accusations of bias. "The vileness of [P]laintiff's comments speak for themselves." *Id.* He also has needlessly required the Court to

address his continued noncompliance with Court Orders via the issuance of additional Court Orders, the resetting of case deadlines and at least one hearing, and the filing of Recommendations involving his prior and current indefensible misconduct. Moreover, the Court notes that Plaintiff has unsuccessfully attempted to excuse his conduct based on the circumstances of his incarceration, defense counsel's behavior, and the behavior of nonparties. The Court is particularly unsympathetic to these attempts, especially considering that when given the opportunity to discuss any alleged issues he may be facing, Plaintiff refused to attend a prescheduled Court hearing where he could have raised such issues [Docket Nos. 157 & 163]. Further, the fact of Plaintiff's incarceration is a normal, not a special, circumstance in this type of case and, therefore, does not prompt the Court to reach a different result.

In addition, the Court has already found in a previous Recommendation that Plaintiff's discovery misconduct was willful and wholly unjustified. While the Court did not find that Plaintiff's conduct merited dismissal at that time, the Court clearly warned Plaintiff that a second failure of that nature would not be tolerated. Plaintiff has continued to flout the Court's Orders, even threatening not to comply with Court Orders until the Court has met his unwarranted demands. Considering the record before the Court, I must conclude that Plaintiff's conduct – which was perpetrated over a period of many months and which occurred after several clear warnings issued by the Court – was willful and malicious, and that he is therefore responsible for his litigation abuses. *See Lynn*, 2006 WL 2850273, at *7 (noting that plaintiff's continued filing of abusive pleadings evidenced wilfulness). "This factor virtually compels dismissal." *Id.*

    **D.**    **Advance Notice of Sanction of Dismissal**

The fact that Plaintiff was warned that he risked dismissal for his litigation abuses in several Court Orders and a previous Recommendation makes it clear that Plaintiff knew, or reasonably should have known, that his litigation abuses could result in dismissal. *See id.* (justifying its decision to dismiss on the various warnings plaintiff received in his pending and other cases). Moreover, Plaintiff was on notice from Defendants' Motion to Dismiss that dismissal of his case was a sanction being pursued against him [Docket No. 151]. Despite the Court ordering him to respond to Defendant's allegations, and the Court's clear warning that if he failed to do so, the Court would recommend dismissal, Plaintiff did not timely respond. *See Swazo v. Shillinger*, 932 F. Supp. 1350, 1352 (D. Wyo. 1996) (noting that a plaintiff's failure to respond to motion to dismiss pursuant to Fed. R. Civ. P. 41(b) factors against him in determining whether dismissal is appropriate). The Court also notes that despite warnings given to Plaintiff in this and other cases, he has continued to file and send abusive pleadings and correspondence, indicating to this Court that warnings do little to deter Plaintiff's abusive conduct.

### E. Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal with prejudice would be effective. Although Plaintiff is proceeding *pro se*, his lack of legal representation does not excuse his abuses here. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (citing *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)). *See generally Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Warnings to Plaintiff have been resoundingly unsuccessful. In addition, the Court doubts that a monetary sanction would be effective or meaningful to Plaintiff. Further, given that Plaintiff has wholly failed to prepare his case for trial, a sanction limiting the evidence that Plaintiff may admit at trial

likely would have no practical application on his behavior.  While the Court could also order that Plaintiff's abusive documents be stricken from the record, this sanction does not go far enough to remedy Plaintiff's intolerable and outrageous behavior.

Plaintiff's conduct has been malicious and egregious.  Plaintiff refuses to take responsibility for his own actions and blames others for his misconduct.  He has proceeded without conscience regarding his unsupported accusations, threats, and name calling directed at the Court, defense counsel, and Defendants.  Moreover, it is entirely clear to the Court that Plaintiff is wholly unconcerned about complying with my prior Orders and the Federal and Local Civil Rules of Civil Procedure.  Rather, Plaintiff is determined to prosecute his case on his terms.  Plaintiff's conduct violates both Fed. R. Civ. P. 41(b) and 11.  Under these circumstances, no lesser sanction would be effective.  Dismissal of this case with prejudice is the appropriate result.  *See, e.g.*, *Williamson v. Owners Resort & Exch.*, 90 Fed. Appx. 342, 345 (10th Cir. Mar. 1, 2004) (unpublished decision) (upholding dismissal due, in part, to plaintiff's failures to attend pretrial conferences); *EBI Sec. Corp. v. Hamouth*, 219 F.R.D. 642, 647-48 (D. Colo. 2004) (entering default judgment for defendants' disregard of discovery orders, failure to meet deadlines to comply or make requests for extension, and inability to offer reasonable justifications for their failures); *Mobley v. McCormick*, 160 F.R.D. 599, 601-02 (D. Colo. 1995) (dismissing plaintiff's case for repeated failures to comply with court orders and attend hearings despite the knowledge that dismissal would result); *see also Owen v. Wangerin*, 985 F.2d 312, 317-18 (7th Cir. 1993) (noting that dismissal is proper for failure to prosecute due to Plaintiff's lack of preparation for trial); *United States v. Moser*, 168 F.R.D. 171, 174 (M.D. Pa. 1996) (holding that repeated failures to comply with court orders due to party's unilateral determination

that it did not need to participate in the litigation justified dismissal); *Becker v. Safelite Glass Corp.*, 244 F. Supp. 625, 641-42 (D. Kan. 1965) (recognizing that dismissal was appropriate due, in part, to plaintiff's failure to comply with order to submit pretrial order and gather evidence for trial); *Lynn*, 2006 WL 2850273, at **6-8 (dismissing plaintiff's case pursuant to Rule 11 for repeated abusive filings).

## IV. CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss [Docket No. 151] be **GRANTED**, and that Plaintiff's action be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b) and 11. I also RECOMMEND that the dismissal be justified on the grounds that Plaintiff's action was malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[4] I further RECOMMEND that the dismissal be treated as a strike for purposes of Plaintiff proceeding *in forma pauperis*.

I FURTHER **ORDER** that the Motion to Stay [Docket No. 159] is **DENIED**. First, because the Court recommends that Plaintiff's case be dismissed, he is not entitled to a stay. Second, Plaintiff has wholly failed to justify his request for a stay, especially considering his abusive and dilatory conduct which now contributes to his alleged inability

---

[4] The Court need only provide a brief basis for its recommendation to dismiss Plaintiff's action as malicious. *See Boag v. MacDougall*, 454 U.S. 364, 365 n.1 (1982). The Court notes that the egregious, dilatory, and abusive conduct which justifies the Court's recommendation for dismissal with prejudice as a Rule 41(b) or 11 sanction also fully supports the Court's recommendation to categorize Plaintiff's case as malicious. *See generally Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (noting that both Rule 11 and § 1915(e) provide the Court with the power to sanction parties or dismiss an action "in extreme cases to protect public officials from undue harassment"); *Hawkinson v. Montoya*, 283 Fed. Appx. 659, 662-67 (10th Cir. July 7, 2008) (unpublished decision) (upholding dismissal of *pro se* plaintiff's case pursuant to both § 1915 and Rule 41(b) based on the same conduct); *Taylor v. Chicago Police Dep't*, No. 07-cv-5097, 2008 WL 2477694, at *4 (N.D. Ill. June 18, 2008) (unpublished decision) (dismissing plaintiff's case pursuant to § 1915 and Rule 41(b) regarding the same abusive and malicious conduct).

to prosecute his case. Third, to the extent that Plaintiff contends that he does not have sufficient supplies to comply with my Orders, the sheer number of motions, pleadings, and letters written by Plaintiff belies this contention. Fourth and lastly, Defendants' response and the affidavits attached thereto reveal that Plaintiff's claims regarding his lack of access to legal materials are fabricated and his current alleged inability to proceed is a result of his own misconduct and failure to be diligent. *Response* [##167, 167-2, 167-5 & 167-6].

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: October 21, 2008

BY THE COURT:

   /s Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge